In the Matter of MATHEW J. WOLKOWICZ, an Attorney, Respondent. ONEIDA COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, April 7, 1966.

*Vincent J. Rossi* for petitioner.

*Mathew J. Wolkowicz,* respondent in person.

*Per Curiam.* Respondent was admitted to the practice of law by this court on July 9, 1952. He is a duly elected and serving Justice of the Peace of the City of Utica.

On December 20, 1965 petitioner filed in this court charges of professional misconduct returnable on January 12, 1966. On this date respondent appeared without an attorney and upon his oral request his time to answer was extended to February 7, 1966. Respondent neither answered nor requested any further extension of time. On February 15, 1966 we made an order referring the matter to a Justice of the Supreme Court to take proof. Thereafter notice was given to respondent that such proof would be taken on March 9, 1966. Respondent failed to appear on that date and proof was submitted. On March 26, 1966 respondent filed with this court his resignation as an attorney and counselor at law and consented that his name be stricken from the roll of attorneys.

The charges center upon a negligence action in which respondent represented the plaintiff. The proof establishes that on August 23, 1960 a draft in the sum of $3,000 in settlement of the action was issued payable to the plaintiff therein and respondent. It was indorsed by the plaintiff and delivered to respondent, who deposited $500 thereof in his personal account and $2,500 in a so-called " Justice of the Peace " account. It was established that at the end of February, 1961 the latter account had a balance of $7.67.

The plaintiff in the action had been a recipient of welfare, and it appears that the Oneida County Welfare Department had a lien on the balance of the fund after payment of the bills for doctors and hospitals and respondent's fee. Some four years after the settlement and on February 16, 1965 respondent issued to the Welfare Department a post-dated check with the amount blank. After further negotiations the amount of the check was fixed at $1,150. Upon deposit the check was returned with the notation " account closed ". It has never been paid. There is further proof of respondent's admissions that the bills of the doctor and hospital have not been paid.

We consider respondent's resignation during the pendency of this proceeding and the failure to controvert the allegations of the petition as tantamount to an admission that he failed to pay the medical and hospital bills, misappropriated the proceeds of the settlement, made false representations as to the

disposition thereof and four years later issued a worthless check to the Welfare Department.

The resignation will be accepted and an order entered striking respondent's name from the roll of attorneys.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Resignation accepted and order entered upon resignation striking respondent's name from roll of attorneys and counselors at law.